IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | 3:18-cr-00440-01-JO |
| | ) | 3:19-cv-00761-JO |
| v. | ) | |
| | ) | OPINION AND ORDER |
| DAVONNE D. GRANVILLE, | ) | |
| Defendant. | ) | |

JONES, District Judge.

On May 14, 2019, petitioner Davonne D. Granville (Granville), proceeding *pro se*, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Granville claims that he was denied effective assistance of counsel because his attorney, Gary B. Bertoni (Bertoni) was facing federal criminal charges at the time he represented Granville and failed to disclose that to Granville. Further, Granville alleges that Bertoni failed to file motions, to provide an accounting, to pursue evidentiary leads, to stay in contact with Granville, and to withdraw from Granville's case when requested. For the reasons set forth below, I DENY this motion.

## BACKGROUND

On April 19, 2016, Granville was indicted in federal court under 18 U.S.C. § 922(g)(1), Felon in Possession of a Firearm. Throughout the proceeding, Bertoni represented Granville. At that time, Bertoni was himself facing criminal charges in federal court for failing to pay employment taxes, a charge he eventually pleaded guilty to on October 24, 2017.[1] Granville

---

[1] Bertoni was sentenced to a five-year term of probation on August 14, 2018. (Case No. 3:15-cr-00410-SI-1.)

1 Opinion and Order

pleaded guilty to being a felon in possession of a firearm and was sentenced to twelve months and one day in federal prison as well as three-years of supervised release. (Case No. 3:16-cr-00170-JO-2.)

After his release from prison, Granville was taken into custody for violating conditions of his supervised release. On August 8, 2018 he appeared before Magistrate Judge You for an initial hearing on his supervised release violations. (Case No. 3:16-cr-00170-JO-2, ECF No. 58.) Bertoni represented Granville at that hearing. On August 27, 2018, I granted Bertoni's motion to withdraw from representation and appointed new counsel. (Case No. 3:16-cr-00170-JO-2, ECF No. 64.) Fidel Cassino-DeCloux, with the Federal Public Defenders office, represented Granville during his supervised release violation hearing and in a new 18 U.S.C. § 922(g)(1) Felon in Possession of a Firearm charge. (Case No. 3:18-cr-00440-JO-01, ECF No. 9.) On February 5, 2019, I sentenced Granville to twenty-four months in prison for his 2018 firearm possession case and eight months in prison for his supervised release violations arising out of the 2016 case. I ordered the sentences to be served concurrently and did not reimpose supervision in the 2016 case. (Case No. 3:18-cr-00440-JO-01, ECF No. 27.)

On May 14, 2019 Granville filed this petition. In his petition, Granville identified the sentence he wished to challenge as his 2018 conviction. The government responded noting that Bertoni did not represent Granville at all during his 2018 conviction and had a de minimis role in Granville's supervised release proceeding. (ECF No. 25.) On June 20, 2019, Granville sent a letter to the Court identifying his 2016 conviction as the sentence he wished to challenge. (ECF No. 36.) Given the confusion as to which case Granville's petition applied, I asked the parties to brief the issue based on the 2016 conviction.

## STANDARD

Federal courts can adjudicate only those cases that the United States Constitution and Congress authorize them to adjudicate. *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 552 (2005); *Sandpiper Vill. Condo. Ass'n, Inc. v. Louisiana-Pacific Corp.*, 428 F.3d 831, 841 (9th Cir. 2005). A federal district court has jurisdiction to entertain a § 2255 motion only if the defendant is "in custody" under a federal court sentence. 28 U.S.C. § 2255(a). A petitioner must be "in custody" under the conviction or sentence challenged when his petition for writ of habeas corpus is filed. *Maleng v. Cook*, 490 U.S. 490, 491 (1989). A petitioner need not be physically incarcerated to be "in custody" for habeas purposes; a petitioner subject to supervised release is considered "in custody." *Matus-Leva v. United States*, 287 F.3d 758, 761 (9th Cir. 2002).

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), establishes a one-year statute of limitation on claims made under 28 U.S.C. § 2255. Pursuant to § 2255(f), the statute of limitations begins to run from the latest of the date on which: (1) the judgment becomes final; (2) any impediment to making a motion that was created by actions of the government in violation of the Constitution or laws is removed; (3) the right asserted by the petitioner was initially recognized by the Supreme Court; or, (4) the facts supporting the claim presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

## DISCUSSION

Granville's motion must be dismissed because he is not "in custody" as required by § 2255. Section 2255 states: "[a] prisoner in custody under sentence of a court . . . claiming the right to be released . . . may move the court which imposed the sentence to vacate, set aside or

correct the sentence." 28 U.S.C. § 2255. Granville completed his term of imprisonment in his 2016 case, but subsequently violated his terms of supervised release. He has been in federal custody since August 8, 2018 serving time concurrently for the 2018 conviction and the supervised release violation stemming from the 2016 conviction. He completed the eight-month sentence associated with his supervised release violation in April 2019 before he filed this petition. This court lacks jurisdiction to consider his habeas petition. *See Maleng*, 490 U.S. at 491 (a habeas petitioner is not "in custody" under a conviction when the sentence imposed for that convictions has fully expired.)

Even if the court had jurisdiction, Granville's petition would be barred by the statute of limitations.[2] Granville identifies no unlawful government action that prohibited him from filing his claim, nor does his motion rely on a new right recognized by the Supreme Court. Therefore, for our purposes, the statute of limitations for Granville's claims began to run on the date of the final judgment or on the date that the underlying facts could have been discovered through the exercise of due diligence. Nearly all the conduct Granville alleges in his motion and reply were known to him when his judgment became final in 2016 and the statute of limitations has long since passed. Granville contends that Bertoni was "found guilty of [a] Felony" in September 2018 and for that reason the one-year statute of limitations began running on that date.

However, Granville misstates the facts surrounding Bertoni's conviction. Bertoni pleaded guilty to Failure to Pay Over Employment Tax on October 24, 2017 and was

---

[2] Granville acknowledges that the statute of limitations may have passed on his claim. However, Granville argues that Bertoni's conviction in federal court extended the window of time wherein a 2255 motion could be timely filed. Granville concludes his reply by explaining "The case matter is over and the sentence was served but my reason for filing is integrity."

would have, at least by the time of Bertoni's plea, been on notice of the fact of Bertoni's criminal case and Granville would have had to file his motion on or before October 24, 2017. Therefore, pursuant to 28 U.S.C. § 2255(f), Granville's claim is barred.

## **CONCLUSION**

For the above stated reasons, I hereby DISMISS Granville's motion to vacate or set aside his 2016 sentence.

DATED this 4th day of November, 2019.

_____
Robert E. Jones, United States District Judge