IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:18-CR-00440-JO |
| | ) | |
| v. | ) | |
| | ) | |
| DAVONNE DOUGLAS GRANVILLE, | ) | OPINION AND ORDER |
| | ) | |
| | ) | |
| Defendant. | ) | |

JONES, J.

Defendant Davonne Douglas Granville (Granville) moves to Vacate, Set Aside or Correct his Sentence under 28 U.S.C. § 2255. ECF No. 43. For the reasons that follow, I DENY Granville's Motion.

## BACKGROUND

A grand jury indicted Granville with the charge of being a Felon in Possession of a Firearm pursuant to 18 U.S.C. § 922(g)(1). He pleaded guilty and in his plea agreement, "waive[d] the right to file any collateral attack, including a motion under § 2255, challenging any aspect of the conviction or sentence, except on the grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2)." ECF No. 20 at 3, ¶ 11. In signing his plea agreement, Granville attested that: "I have carefully reviewed every part of this [plea] agreement with my attorney. I understand and voluntarily agree to its terms. I

1   Opinion and Order

expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty." Id. at 4.

I sentenced Granville to prison for 24 months. Granville did not file a direct appeal but filed this § 2255 motion claiming information obtained by law enforcement officers during their investigation of him was left out of the official police report and the affidavit used to obtain a search warrant, causing the judge who issued the warrant to be misled.

## FACTS

In the early afternoon of August 1, 2018, Portland Police Bureau (PPB) received a call from a person who reported that Granville had come to a home and threatened to assault the caller's mother. The caller stated that Granville was upset because he was being kicked out of the residence and reported that he had access to firearms. The caller also said that Granville had pistol whipped one of the caller's friends earlier in the week, but that the incident went unreported out of fear as to what Granville might do. An officer responded to the call, but learned that Granville had left in a vehicle prior to the officer's arrival.

In the evening of the same day, PPB received another call regarding the same residence. The caller stated that Granville had returned and was in a grey sedan. The caller advised that no firearms had been seen, but that Granville threatened to enter into the residence and shoot the family. PPB officers arrived and were informed that Granville had been using the car during the day. They also learned that Granville had an outstanding federal arrest warrant. Granville was arrested. An officer looked through the car window and saw a handgun in the center console area. After securing the scene, the officer applied for a search warrant. In the search warrant affidavit, the officer referenced both of the phone calls received by PPB. A 45-caliber pistol was

seized pursuant to the search warrant and DNA testing concluded that Granville could not be excluded as the major contributor to the DNA profile found on the firearm.

## DISCUSSION

In his § 2255 motion, Granville does not claim that he received ineffective assistance of counsel or that he is actually innocent. Rather, he claims that information obtained by PPB during its first visit to the residence, what Granville deems a "welfare check," was withheld from the judge who issued the search warrant and this put "the Defense at an unfair disadvantage." ECF No. 43 at 5. The information Granville claims was withheld from the judge was that he was the main lessee of the residence and PPB would have discovered that during their first visit to the residence in the afternoon. According to Granville, this information was important because, as the main lessee, he could not get "kicked out" of the residence without a "process," presumably an eviction proceeding. Granville argues that inclusion of that information in the search warrant application would have discredited the caller. He also claims that the search warrant application failed to include statements from the alleged victims of his assault, the caller's mother and the caller's friend. Granville argues that the absence of these pieces of information in the search warrant affidavit misled the judge.

In essence, Granville is challenging the factual basis for the search warrant. The appropriate manner to challenge the factual basis of a search warrant is through a motion to suppress, prior to pleading guilty. *See Franks v. Delaware*, 438 U.S. 154 (1978). Granville did not file such a motion and he is not claiming that his attorney should have filed a motion. The Supreme Court has declared:

> When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that

occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea . . . .

*Tollett v. Henderson,* 411 U.S. 258, 267 (1978). Consequently, by entering an unconditional guilty plea, Granville waived his right to bring this appeal, which seeks only to challenge the factual basis for the issuance of the search warrant.

## CONCLUSION

For the foregoing reasons, I DENY Granville's motion to Vacate, Set Aside or Correct his Sentence under 28 U.S.C. § 2255. ECF No. 43.

IT IS SO ORDERED.

DATED May 6, 2020.

_____
Robert E. Jones
United States District Judge